UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION


IN RE:

JAMES ERIC CAUDILL

DEBTOR                                                        CASE NO. 04-52891


FRANK CONNOR
CHRISTINE CONNOR                                              PLAINTIFFS


VS.                                                           ADV. NO. 04-5602


JAMES ERIC CAUDILL                                            DEFENDANT

### MEMORANDUM OPINION

This matter has been submitted for decision on the Defendant's Motion for Summary Judgment and the Plaintiffs' Response to Motion for Summary Judgment.  The Plaintiffs seek to have a debt allegedly owed to them by the Defendant declared non-dischargeable pursuant to Bankruptcy Code section 523(a)(2)(A).  The Defendant maintains that any debt owed to the Plaintiffs is only the result of negligence, and that there is no justification for a finding of non-dischargeability. This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b); is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

1.  Factual and procedural background

The Defendant sold the Plaintiffs real estate in Brown County, Ohio on November 24, 2003.  On the same date he contracted with them to install a septic tank, driveway and foundation on the property for $12,000.00.  The Plaintiffs were to pay for any permits required for

1

this work.  Notations on the contract show that on the date it was signed, half the contract price, or $6,000.00, was paid, as well as $400.00 for a permit.  Apparently a permit was necessary to install the septic system, and on November 25, 2003, the Defendant applied for a permit at the Brown County Health Department.  He stated on the permit application that he was the owner of the property, even though he had transferred the property to the Plaintiffs the day before.  Apparently, non-owner applicants are required to put up a $10,000.00 bond.  (The court would point out that no party to this proceeding has provided the court with a copy of whatever statute, regulation or ordinance may require a permit and/or the posting of a bond.)  The application was approved, and permit was issued on December 23, 2003.  The final inspection on July 28, 2004 failed, however, as the Defendant had covered the installation prior to inspection.  The Plaintiffs hired another contractor to install the septic system.

     The Defendant filed his Chapter 7 case on September 1, 2004; the Plaintiffs filed the within Complaint to Determine Dischargeability on December 17, 2004.  The Order of Discharge was entered in the Defendant's case on December 30, 2004.  On February 16, 2005 the Defendant filed case number 05-50430, a Chapter 13 case.  He lists a debt to the Plaintiffs in the amount of $10,000.00 on his Schedule F – Creditors Holding Unsecured Nonpriority Claims.  This is the only unsecured debt of any consequence included in the Chapter 13 case.  On February 28, 2005 the parties tendered an Agreed Order Staying Proceedings Pending Completion of Chapter 13 Plan.  The court rejected this order, however, due to the length of time this proceeding would remain pending.  The Defendant then filed his Motion for Summary

Judgment on March 9, 2005, and the Plaintiffs filed their Response on March 18, 2005.  The matter was heard on March 23, 2005, and taken under consideration.

    2.   <u>Legal discussion</u>

The Plaintiffs' Complaint seeks to have the $10,000.00 debt they claim the Defendant owes them declared non-dischargeable pursuant to Bankruptcy Code section 523(a)(2)(A).  That section provides that an individual debtor's debt incurred

> for money, property, services, or an extension, renewal, or refinancing of  credit , to the extent obtained by--
> false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition

will not be discharged in bankruptcy.  As stated in *Atassi v. McLaren (In re McLaren)*, 3 F.3d 958 (6th Cir. 1993):

> It is well established that in order to except a debt from discharge under section 523(A)(2) 'the creditor must prove that the debtor obtained money through a material misrepresentation that at the time the debtor knew was false or made with gross recklessness as to its truth.  The creditor must also prove the debtor's intent to deceive.  Moreover, the creditor must prove that it reasonably relied on the false representation and that its reliance was the proximate cause of the loss.'
> *Atassi v. McLaren (In re McLaren)*, 990 F.2d 850, 852 (6th Cir. 1993) (quoting *Coman v. Phillips (In re Phillips)*, 804 F.2d 930, 932 (6th Cir. 1986).  Additionally, the proper burden upon [the creditor]'"...was to show proof of ... fraud by a preponderance of the evidence only."'  *Id*. at 853 (citing *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) ...).

*Id*. at 961.  As concerns the reliance requirement, the standard for excepting a debt from discharge as a fraudulent misrepresentation within the meaning of section 523(a)(2)(A) is justifiable reliance on the representation.  *Field v. Mans*, 516 U.S. 59, 116 S.Ct. 437 (1995).

The Plaintiffs allege that the Defendant made a fraudulent

representation in completing an application for a permit to install a septic system on their property and listing himself as the owner to avoid having to post a $10,000.00 bond.  The Plaintiffs maintain that even though this misrepresentation was not made to them, they are the parties intended to be protected by the posting of a bond.  The court is unable to agree or disagree with the Plaintiffs on this point as there is nothing in the record to demonstrate the intent and purpose of the $10,000.00 bond requirement.

The Defendant has filed an affidavit with his Motion for Summary Judgment that states that he advised Plaintiff Frank Connor of the bond posting requirement and that he further advised the Plaintiff that the bond "would be part of the expenses of the permit, which he [the Plaintiff] would be responsible for."  The Defendant's affidavit further states that the Plaintiff agreed that the Defendant should seek the permit as the owner, saving the expense of the bond.  The Plaintiffs do not deny that this conversation took place.

The crux of the issue, however, is whether the facts as presented place the Defendant within the purview of section 523(a)(2)(A).  The court is not certain that they do.  First of all, there is no evidence in the record that the Plaintiffs paid the Defendant any sums other than the $6,400.00 they paid on the contract date, the day before he represented that he was the owner of the property to avoid posting the bond.  They do not allege that any fraudulent representation was made to them to induce them to part with these sums.  On the other hand, if they were to admit that they knew the Defendant planned to apply for the permit as the owner of the property, and that they paid him while agreeing to this action, they would be party to the fraudulent

4

misrepresentation to Brown County. Neither scenario appears to allow the Plaintiffs to prevail on the question of the non-dischargeability pursuant to Bankruptcy Code section 523(a)(2)(a) of any debt the Defendant owes them.

The court therefore finds that the Defendant has carried his burden of establishing that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. An order in conformity with this opinion will be entered separately.

Copies to:

Stephen L. Schiller, Esq.
Rebecca L. Knight, Esq.

5

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge
Dated: Tuesday, May 24, 2005
(wsh)**